UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



IN THE MATTER OF AN APPLICATION  )   APPLICATION FOR AN
BY THE UNITED STATES OF AMERICA )   ADMINISTRATIVE SEARCH WARRANT
FOR AN ADMINISTRATIVE SEARCH    )
WARRANT PURSUANT TO TITLE 8,    )   MISC No.  3:19mj206 LRA
UNITED STATES CODE, SECTION 1357 )

UNDER SEAL

TO SEARCH THE PREMISES:

KOCH FOODS OF MISSISSIPPI, LLC
108 Morris Tullos Dr.
Morton, MS 39117

    The United States applies, pursuant to Section 287 of the Immigration and Nationality Act of 1952, as amended (the Act), 8 U.S.C. § 1357, for a civil administrative search warrant authorizing agents of the U. S. Department of Homeland Security, Homeland Security Investigations ("HSI") to enter the premises known as KOCH FOODS OF MISSISSIPPI, LLC, 108 Morris Tullos Dr., Morton, MS 39117, See Attachment A for a more particularized description. HSI seeks to enter those premises to search for persons believed to be aliens in the United States without legal authority, and to take such actions, with respect to those aliens, as are authorized by the Act, See Attachment B. Section 287 of the Act, for example, provides that "any officer or employee of HSI authorized under regulations prescribed by the Attorney General" has the power, *inter alia*:

> (1) to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States;
>
> (2) ... to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any ... law or regulation [regulating the admission, exclusion, or the expulsion of aliens] and is likely to escape before a warrant can be obtained for his arrest...

    The facts and circumstances underlying the United States' application are set forth in the accompanying Affidavit of HSI Special Agent Anthony Todd Williams, Jr. in Support of an Application for Administrative Search Warrant ("Affidavit").

    The Court should grant the United States' application because the United States has satisfied all of the requirements for a civil administrative search warrant. The requirements for the issuance of a civil order authorizing entry on premises to search for illegal aliens are set forth in *Blackie's House of Beef, Inc. v. Castillo*, 659 F.2d 1211 (D.C. Cir. 1981), *cert. denied*, 455 U.S. 940 (1982), the leading case on the subject. The *Blackie's* court began its analysis by

finding that the HSI has the right, derived primarily from Sections 103(a) and 287 of the Act, 8 U.S.C. § 1103(a) and 1357, to enter commercial premises, with a warrant, to search for suspected violators of the immigration laws. *Id.* at 1219-22. The court, following *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 320 (1978), then held that the quantum of "probable cause" necessary to support a civil warrant is less than that required for a criminal warrant. *Id.*, at 1222-25. *See also International Molders & Allied Workers' Local Union v. Nelson et al.*, 799 F.2d 547, 552 (9th Cir. 1986), *Kotler Industries v. INS*, 586 F. Supp. 72, 74 (N.D. Ill. 1984).

Under the "more flexible definition of probable cause" applied in the civil context, the United States may obtain a civil administrative warrant by showing specific evidence of an existing violation or that the inspection will be conducted according to reasonable legislative or administrative standards. *See Blackie's*, 659 F.2d at 1222-25. In *Blackie's*, the INS satisfied the flexible probable cause standard by submitting specific evidence that violations were occurring on the premises to be searched. *See id.*, at 1226-27.

The Affidavit, attached hereto, presents specific evidence that violations of the immigration laws have occurred and are occurring on the premises at KOCH FOODS OF MISSISSIPPI, LLC, 108 Morris Tullos Dr., Morton, MS 39117. Based on this information, Agent Williams has concluded that there are aliens unlawfully in the United States currently employed at KOCH FOODS OF MISSISSIPPI, LLC. Agent Williams has also concluded, based on his experience as an HSI investigator and based on his training, that other illegal aliens, not specifically identified, are likely to be employed with KOCH FOODS OF MISSISSIPPI, LLC.

The Affidavit satisfies the standard set forth in *Blackie's*, as it suggests "that numerous persons working in nonpublic areas of KOCH FOODS OF MISSISSIPPI, LLC are possibly illegal aliens, and gives credible reasons for the affiant's suspicions as well." *Blackie's*, 659 F.2d at 1226.

The warrant identifies the employer and the specific employer location affected, and is restricted to remain valid for no more than ten (10) regular workdays from the date of authorization. It specifies that the search can be executed only between 6:00 a.m. to 6:00 p.m. *See id.*, at 1226-27.

The purpose of the present application is to obtain authority to search the premises described in Attachment A. The authority of the HSI to obtain and/or arrest aliens suspected of being in the United States illegally is established by statute and case law. During execution of a civil administrative search warrant such as the one requested, agents may engage in systematic consensual questioning of employees. *INS v. Delgado*, 466 U.S. 210, 216-19, 104 S.Ct. 1758, 1762-65 (1984). Agents may detain a person absent valid seizure or arrest warrants or valid exigent circumstances, only if they possess reasonable, articulable and individualized suspicion of violations of immigration or criminal law. Violations of immigration law will include: (1) a person's illegal alienage, or (2) an alien's failure to carry on his or her person immigration documents required by law to be carried. Persons who claim to have immigration documentation, but not in their possession, may be detained only if such detention "lasts only so long as is necessary to carry out its purpose and the investigative methods used [are] the least intrusive means readily available to confirm or dispel the officer's suspicion." *Martinez v. Nygaard*, 831

F.2d 822, 827 (9th Cir. 1987).

    Agents may also make warrantless civil immigration arrests of aliens unlawfully present in the United States. Such arrests, however, must be based on probable cause. The agent also must have reason to believe that subjects are "likely to escape before warrant[s] can be obtained for [their] arrest." INA § 287(a)(2), 8 U.S.C. § 1357(a)(2).

    Accordingly, the United States, having shown probable cause to believe that violations of the immigration laws are occurring at KOCH FOODS OF MISSISSIPPI, LLC, respectfully requests that its application be granted, and that the court issue the civil administrative warrant that it seeks.

This the 5th day of August, 2019.

                              Respectfully submitted,

                              D. MICHAEL HURST, JR.
                              UNITED STATES ATTORNEY

                              BY: */s/ Erin O. Chalk*
                              ERIN O. CHALK (MSB#101721)
                              Assistant United States Attorney
                              501 E. Court Street, Suite 500
                              Jackson, Mississippi 39201
                              (601) 965-4480